IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Deontae Brooks Inmate #1519880, ) <br> ) <br>     Plaintiff, ) <br> v. ) <br> ) <br> Chief, Mark Adger, Ofc. T. Edwards;) <br> Ofc. F. Hollins(1137); Ofc. ) <br> Blaylock (990) ) <br> ) <br>     Defendants. ) <br> _____) | CIVIL ACTION FILE NO. <br> 1:16-CV-4334-MHC-AJB |

<u>DEFENDANT B. BLALOCK'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT</u>

Defendant Blaine Blalock[1] ("Defendant") files this response to Plaintiff's Motion for Default Judgment by special appearance only, without waiving the defenses of insufficient process, insufficiency of service of process, personal jurisdiction, subject matter jurisdiction and venue or submitting himself to the jurisdiction of this Court. Defendant states that he has never been served in the above-styled case and is not a party to this lawsuit. Accordingly, Defendant requests that the Court DENY Plaintiff's Motion for Default Judgment.

**I.   STATEMENT OF FACTS**

On November 21, 2016, Plaintiff filed his complaint against

---

[1] Plaintiff erroneously spelled Defendant's name as B. Blaylock. The correct spelling of Defendant's name is Blaine Blalock.

1

Defendants Chief Mark Adger, Ofc. T. Edwards, Ofc. F. Hollins and Ofc. Blaylock [sic]. (Doc. 1). On December 29, 2016, Plaintiff filed an amended complaint against the named Defendants. (Doc. 8). On February 14, 2017, this Court entered an Order recommending that Plaintiff be allowed to proceed on his individual-capacity excessive force claims against Officers Edwards, Hollins and Blaylock [sic]. (Doc 9). On March 9, 2017, the Court ordered the Clerk of Court to send Plaintiff a USM 285 form and summons for each Defendant. Plaintiff was ordered to complete the forms and summonses and return them to the Clerk within twenty-one (21) days from the date of the Order. The Court ordered the Clerk to prepare a service waiver package for each Defendant. (Doc. 13). On March 22, 2017, a request for waiver of service was mailed to B. Blaylock. (Doc. 14). On April 3, 2017, the requests for waiver of service for all Defendants were returned as undeliverable with a notation that first and last names were needed. (Docs. 17 and 18). On April 27, 2017, a new USM 285 form and summons package was prepared and forwarded for service upon the Defendants. (Docs. 19, 20, 21).

On June 6, 2017, the Clerk of Court entered a return of service as unexecuted as to Defendant Blaine Blalock with a notation that stated, "Defendant no longer employed with Fulton County. No Forwarding Info." (Doc. 22.) Defendants' Edwards and

Hollie were served on June 5, 2017 and June 22, 2017, respectively, and timely filed an answer to Plaintiff's complaint. On June 27, 2017, the Court ordered "Chief Jailer [Mark] Adger…to submit to th[e] Court, under seal, the last known work and home addresses for former Detention Officer Blaine Blaylock in order that th[e] Court may serve him." (Doc. 27). A notice of the last known address of Detention Officer Blaine Blalock was provided to the Court and filed under seal on July 7, 2017. (Doc. 30). On July 12, 2017, an Order was entered directing the Clerk to prepare a service waiver package for Defendant using the address provided in Document 30. (Doc. 31). On August 22, 2017, a package was prepared and forwarded to the United States Marshals for service upon Defendant Blalock. (Doc. 38).

On September 8, 2017, an unexecuted return of service was filed indicating that Officer Blalock was not served. (Doc. 40) Despite this unexecuted return of service, on September 18, 2017, Plaintiff filed a motion for entry of default as to Defendant Blaine Blalock. This motion was entered on September 19, 2017 at 3:02 p.m. by the Clerk of Court (Doc. 41). On this same date and time, the Clerk erroneously entered an entry of default as to Defendant Blaylock (see Exhibit A) ; four (4) minutes later at 3:06 p.m., the Clerk filed a notification of

docket correction and the docket text clearly stated, "Notification of Docket Correction re [41] MOTION for Clerk's Entry of Default. Clerk's error. Default entered prematurely." (see Exhibit B). A copy of this notice was delivered to Plaintiff at the Fulton County Jail, 901 Rice Street, N.W., Atlanta, GA 30318. Despite Defendant Blalock never being served, and Plaintiff having notice that Defendant Blalock had not been served, Plaintiff filed a second motion for default judgment on November 2, 2017, per Plaintiff's certificate of service. This motion was entered by the Clerk of Court on November 9, 2017. [Doc. 51].

II. **ARGUMENT AND CITATION OF AUTHORITY**

Defendant Blaine Blalock has never been served in the above-styled case, and thus, is not a party to this lawsuit. Fed. R. Civ. P. 4(c)(1) states that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4 (c) (1).

Plaintiff argues that Defendant Blalock was served on June 5, 2017, despite the Clerk's records clearly showing that this Defendant was not served on this day and that no forwarding information was available for Defendant Blalock. On three (3) separate occasions, the Court has ordered the Clerk to prepare a

4

service package and have the U.S. Marshals Service serve the remaining Defendant, Officer Blalock. Despite the Court's efforts to have Defendant served, he still has not been successfully served. Plaintiff has been notified on two (2) separate occasions that Defendant Blalock has not been served, yet Plaintiff continues to file motions for default as to this named but not yet served Defendant.

Fed. R. Civ. P. 4(m) states, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

The record is clear that Defendant was not served within ninety (90) days from the February 14, 2017 date when the amended complaint was filed. Plaintiff had until May 17, 2017 to have Defendant Blalock served. Further, even after Chief Jailer Mark Adger provided the Court with Defendant Blalock's last known address in July, 2017, Defendant has still yet to be served. Pursuant to Fed. R. Civ. P. 4(m), Defendant respectfully requests that the Court order that service be made upon Defendant Blalock within a specified time, and if service is not

completed within that time period, Plaintiff's complaint against Defendant be dismissed without prejudice.

### III.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Second Motion for Default Judgment, and pursuant to Fed. R. Civ. P. 4(m), order that service be made within a specified time.

Respectfully submitted, this 27th day of November, 2017.

**OFFICE OF THE FULTON COUNTY ATTORNEY**

Patrise Perkins-Hooker
County Attorney
Georgia Bar No.231973

Kaye W. Burwell
Deputy County Attorney
Georgia Bar No. 775060

Ashley J. Palmer
Senior Assistant County Attorney
Georgia Bar No. 603514

***/s/ Michelle D. Arrington***
Michelle D. Arrington
Assistant County Attorney
Georgia Bar No. 023808
michelle.arrington@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W., Suite 4038
Atlanta, GA 30303
(404) 612-0267 (Telephone)
(404) 730-6324 (Facsimile)

```
          IN THE UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION
```

Deontae Brooks Inmate #1519880,      )
                                     )
    Plaintiff,                       )
v.                                   )    CIVIL ACTION FILE NO.
                                     )    1:16-CV-4334-MHC-AJB
Chief, Mark Adger, Ofc. T. Edwards;)
Ofc. F. Hollins(1137); Ofc.          )
Blaylock (990)                       )
                                     )
    Defendants.                      )
_____)

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that the foregoing <u>DEFENDANT B. BLALOCK'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT</u> has been prepared in Courier New, 12 point type, as approved by the Court in L.R. 5.1(C) and electronically filed with the Clerk of Court using the CM/ECF system. Undersigned counsel further certifies that she will provide mail notification to the *pro se* inmate plaintiff listed below:

        Deontae Brooks #1519880
          Fulton County Jail
          901 Rice St., N.W.
          Atlanta, GA 30318

Respectfully submitted this 27th day of November, 2017.

                */s/ Michelle D. Arrington*
                Michelle D. Arrington
                Georgia Bar No. 023808
                michelle.arrington@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W., Suite 4038
Atlanta, GA 30303
(404) 612-0267 (Telephone)
(404) 730-6324 (Facsimile)

P:\CALitigation\Sheriff\Brooks, Deontae v. Keyana Edwards - 1.16-CV-04334 - MA\Drafts\Defendant Blalock's Resposne to Plaintiff's Motion for Default.docx